## No. 10,171.

### STATE OF LOUISIANA VS. THOMAS TIERNAN.

A ruling of the trial judge cannot be reversed, unless the bill of exceptions makes such showing of the facts and circumstances as will enable this court to decide that he erred.

APPEAL from the Civil District Court for the Parish of Orleans. *Roman*, J.

*M. J. Cunningham*, Attorney General, for the State.

*Wm. L. Thompson* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.   The record presents for our consideration a single bill of exceptions (others being waived) which recites that Thomas Howe, State's witness, testified " That he told McCarthy, the deceased, to come with me, that Tiernan was coming with a pistol, to which evidence or statement defendant objected because it was the mere opinion of the witness and as such not entitled to go to the jury as evidence ; that the court overruled said objection," etc.

This is the entire bill as offered to the judge for signature, and its insufficiency, as failing to show in what way the statement was a mere opinion, is apparent.

The judge, however, in his reasons, states that defendant's objections were of an entirely different character as was also the evidence objected to.   He gives the statement objected to as follows: The witness said " that having seen Tiernan's coat lying on a bucket in the bar-room, he inquired where Tiernan had gone to, when some one in the crowd said, 'here he is coming with a gun.' Witness then told McCarthy to come along with him.   At that time the accused was coming down the street with something in his hand."   The judge states that the grounds of defendant's objection were that the words spoken and repeated were hearsay and had not been uttered in the presence and within the hearing of the witness.   The judge ruled that the words spoken formed part of the *res gestæ* of the transaction then going on, and as such was admissible.

If we give the exception the benefit of the judge's reasons as part of his bill, nothing appears on the bill anywhere to show any error in the judge's ruling.   For ought that appears to the contrary, the expression may have been strictly part of the *res gestæ*, and we cannot reverse his ruling without clear showing of error.

Judgment affirmed.