State vs. Perkins et al.

### No. 11,245.

### THE STATE OF LOUISIANA VS. JOSHUA PERKINS ET AL.

An assignment of error presents points of objection arising on the face of the papers, which must be examined and considered as a whole.

Minute entries kept of the proceedings are intended to preserve a faithful and exact record of what happened at the trial, as well as of the facts and occurrences antecedent to the trial, and same will be accepted as the correct and proper evidence of what *did* happen in the lower court.

APPEAL from the Twelfth District Court, Parish of Calcasieu.
Fournet, J.

44

*M. J. Cunningham*, Attorney General, and *E. D. Miller*, District Attorney, for the State, Appellee.

*W. G. McDonald* and *R. H. Ogden* for Defendants and Appellants.

The opinion of the court was delivered by

WATKINS, J. The indictment charges two persons, namely, Joshua Perkins and Owen Ashworth, with stealing three yearlings, and on the trial they were convicted and sentenced to one year's imprisonment in the penitentiary.

Notwithstanding there was a motion for new trial filed and overruled and a motion in arrest of judgment likewise filed and overruled, no bills of exception were noted or retained to these unfavorable rulings; consequently defendants' counsel have filed in this court an assignment of errors, and rely upon it, exclusively, for relief.

The following are the points made in the assignment of errors, viz.:

1. That the record does not show that the bill of indictment was presented in *open* court.

The minutes of September 10, 1892, state: "*Into court* comes the grand jury, and through their foreman, reports the following    *    * State vs. Joshua Perkins et al. Larceny. A true bill."

And on the back of the bill is this endorsement, viz.: "Filed September 10, 1892. C. B. Richard, deputy clerk," and it confirms the correctness of the minute entry.

2. That the *verdict* was not returned in *open* court.

The minutes state, to-wit: "Having heard all the evidence and arguments of counsel and the charge of the court they retire to deliberate upon the case. Having agreed to a verdict, they return *into court*, and, through their foreman, report their written verdict, which is as follows, to-wit: Lake Charles, Louisiana, February 14, 1893. We, the jury, find the accused guilty as charged. (Signed) A. M. Lindsay, foreman. Whereupon the jury was polled and the verdict verified and confirmed."

3. That the verdict was never recorded in the minutes.

The quotation from the minutes made in the preceding paragraph is a complete answer to this objection.

4. That the expression of the verdict, namely: "We, the jury, find *the accused* guilty as charged," is vague, indefinite and uncertain, and null and void.

Counsel's argument is that the form of words "the accused" is uncertain, and places the matter in doubt as to whether *one* or *both* of the defendants were meant; but the objection is met and answered by the minutes of February 14, 1893, from which the foregoing quotation was made.

They are as follows, to-wit:

"TUESDAY, February 14, 1893.

"STATE }
vs. }
JOSHUA PERKINS ET AL. }

"This case being called for trial, and the district attorney being present in court, as also *the accused, Joshua Perkins and Owen Ashworth*, with their counsel * * * the trial was proceeded with by drawing from the jury box the following named," etc.

Omitting the method of procedure in drawing and empaneling the jury, as recited in the minutes wherein the previous quotation occurs, thus immediately connecting the two parts thereof and shows clearly that the two defendants were on trial and were convicted.

There is neither obscurity or uncertainty in the minute entry on the subject.

5. That there is nothing to show that the defendants were present at any time after the regular *venire* was exhausted and the *tales* jurors had been summoned and when the verdict was rendered.

The previous quotation from the minutes shows that the two defendants were present in open court when the trial began, and during the time the first nine jurors were empaneled and sworn. At this juncture the minutes declare that "the regular *venire* being exhausted the court ordered the deputy sheriff in attendance on the court to summon tales jurors to complete the panel, which was done, and the following named three tales jurors were accepted and sworn upon the trial of this cause;" and then the foregoing recital occurs.

From this quotation we must infer that no recess was taken during the time the three tales jurors were being selected and sworn. On the contrary it is more than likely that these tales jurors were

chosen from among the bystanders, and that no intervening delay occurred, and that consequently the defendants were not removed from the court room during the time of the selection of the tales jurors.

6. That it is affirmatively shown that the persons were not *both* present, as the judge ordered the sheriff to take charge of the *prisoner*.

The minutes of the day and date specified are to the effect that " whereupon the jury was polled and the verdict verified and confirmed, whereupon the presiding judge ordered the sheriff to take charge of the *prisoner*."

This is but the concluding recital of the minutes of February 14, 1893, the day of trial, from which the preceding quotations have been made and the opening sentence of which declares that " the accused, Joshua Perkins and Owen Ashworth," were present, and as we have found that they were both convicted, the conclusion is irresistible that both defendants were remanded to the sheriff's custody after sentence had been pronounced, and that the use of the singular noun " prisoner " was inadvertently and unintentionally employed instead of the plural noun "prisoners;" or else it was an error of the clerk in making up his minutes.

The defences urged are extremely technical and undeserving serious consideration.

Judgment affirmed.