No. 12,740.

STATE OF LOUISIANA vs. PIERRE PRADE.

When the statement of facts recited in a bill of exception by counsel differs from that asserted by the court, that of the court is controlling.

Where a District Judge after a full trial is satisfied that the testimony sought to be made the basis of a new trial would not alter the result at a second trial, even if admitted, either because the testimony was otherwise so strong against the accused as would make such particular testimony clearly unavailing, or because he knew the witnesses who were proposed to be put upon the stand, and was convinced they would not be believed, or because of similar reasons his opportunities for acting advisedly, justly and properly are so superior to those of the Supreme Court that it would not be warranted in substituting its udgment for his in the premises, except in very clear cases.

APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*M. J. Cunningham*, Attorney General, and *James Simon*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*Edward Simon* for Defendant, Appellant.

Argued and submitted April 9, 1898.
Opinion handed down May 2, 1898.
Rehearing refused May 30, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J.   The defendant was convicted of] an assault with intent to commit rape, and sentenced to three years' hard labor in the penitentiary.

The complaints urged by him on appeal are those reserved in a bill of exception to the action of the District Court in overruling a motion for a new trial.

The first ground assigned for a new trial was that when his cause was called for trial the attorney whom he had employed to defend him announced in open court that he withdrew from the case, but immediately accepted, at the request of the court, the position of an assigned counsel, but "that said attorney expressly limited with the consent of the court his assistance to attending to the evidence on the trial and jury matters," in consequence of which limitation the defence contemplated by Art. 8 of the Constitution was not carried out, and defendant not defended, said attorney not arguing the matters involved on the merits.   That said attorney forthwith

went to trial without asking time to prepare the defence indispensable in the matter, particularly on a charge of felony like this. That defendant, a youth of humble station in life, was unable to see to his own defence and to know the sort of evidence necessary in his defence.

2. Because since the trial of the case defendant had discovered evidence of a witness unknown to him until after said trial, who would make proof under oath (this witness being one Alcide Malvaux)—that said witness met the prosecutrix on the day said pretended crime was alleged to have been committed, on the evening of said day, she being on foot on the road at a distance of a few acres from the town of St. Martinsville, she being in company with a white man also on foot and a black man, and talking together—that said prosecutrix told said witness Malvaux to take her to town (which he did in his buggy) to her house, and on the way she told him that defendant, Pierre Prade, had given her three dollars to have carnal intercourse with her, and she showed him the money, and at that time she said she had Prade's hat—that she said to witness that she did not want to have intercourse with him at that time—that she said to said witness to go in his buggy and to bring Pierre to her, as she wanted to give him his hat, and said witness went and took Prade to her, and she and Prade went into her room and after the expiration of about ten minutes they both came out, and she gave Pierre his hat and thanked witness; that she told Pierre she would have carnal intercourse with him at another time—that said witness would also prove that the prosecutrix was an infamous low prostitute of the town of St. Martinsville.

3. Because defendant could prove by several witnesses found since the trial (naming them) who could not be found before with reasonable diligence (material witneesses not corroborative) that the character of the prosecutrix was that of a low prostitute of the town unworthy of credit upon oath.

That the testimony of Malvaux had been discovered since the trial; that it could not be had before or at the time of trial; that it was material in its effect and to establish his innocence; that it was not merely cumulative, corroborative and collateral, and was such as to produce an opposite result; that it was such as reasouable diligence of defendant could not have found at first trial.

Accompanying the application was an affidavit of Malvaux in which

he swore that the facts related in the motion for new trial as being within his knowledge, and as having been told to him by the prosecutrix and figuring under ground No. 1 of said motion were true and correct.

The court, in overruling the motion, said:

The facts stated by mover under ground No. 1 are incorrect. Honorable James E. Mouton was employed by him as counsel when he was arrested in June, 1897, and bailed, and remained his counsel to the day of the trial. Mover's witnesses were summoned by him and on the day of the trial were all present in court. When the case was called for trial by reason of some disagreement betwen Mover and his counsel (the latter) mentioning the fact to the court desired to withdraw from the case.

The court then asked mover whether he had an attorney to represent him, and he answered to the court that James E. Mouton was his counsel. Thereupon at the request of the court Judge Mouton consented to represent the accused by appointment of the court. He stated that he was ready to go to trial and the trial was proceeded with. When counsel in his petition says that Prade had had a half and incomplete trial, he did gross injustice to the court and to the jurors who tried the cause and misrepresented the counsel who had defended the accused with so much zeal and talent to the knowledge of all who assisted at the trial. The case was argued neither by the State nor by the defence, and submitted by both on the charge of the judge. The counsel of accused, Judge Mouton, was well cognizant of all the facts of the case, having been employed three or four months.

The second ground is without merit.

1. Because if Malvaux testifies, as it is alleged that he can, his testimony would be the reverse of that given by the accused himself when on the stand.

Newly discovered evidence, the effect of which would be to impeach the testimony of the accused himself is not a ground for new trial.

2. Malvaux in his affidavit takes particular care not to swear to the truth of the facts detailed in the second ground for new trial, but merely swears to the facts as being within his knowledge and as having been told him by the prosecutrix and figuring under ground No. 1 of the motion for a new trial.

3. Because admitting that Malvaux' affidavit is correct, it is evident by mover's very allegations that he knew that he was a witness to the facts stated (so material as he alleged to his defence), and yet he showed no diligence to have the witness, though accused was out of jail up to conviction (State vs. Washington, 36 An. 341).

To warrant a new trial, the newly discovered evidence must not be for the purpose of contradicting State witnesses. It must be such as could not have been secured by reasonable diligence, and it must not only be shown that due diligence was used, but that it was *used to discover* the evidence (State vs. Charlot, 8 Rob. 529; State vs. Morris, 27 An. 480; State vs. Woodworth and McCauley, 28 An. 89).

During the three months that intervened between his arrest and his trial, accused took no steps to secure his presence as a witness, though he resided within two miles of the court house.

The fact of the prosecutrix having received three dollars was brought to the notice of the jury, who disbelieved it, and it is not likely Malvaux' testimony would produce a different result, the more so as the witness of the accused who saw the prosecutrix immediately after the outrage, with the face bruised and clothes torn to pieces, all (with the exception of one) denied that prosecutrix had any money then. The fact that the prosecutrix was a woman of ill repute, was shown at the trial.

### OPINION.

If the recitals of the bill of exceptions had come to us uncontroverted, we would have been called on to decide whether an assignment of counsel by the court to an accused person, who had no counsel, would be proper when the counsel assigned attaches to his acceptance of the trust conditions and limitations as to the extent and character of the services he should render to the accused. We would be also called on to declare whether if not proper the error would be of such a character as to carry with it the setting aside of the verdict of the jury, and the judgment rendered upon it. In the case at bar, in overruling defendant's motion for a new trial, the court declared that "the facts stated therein were incorrect." Counsel insists that this general statement was followed by a recital of particular facts connected with the assignment, and a defence of the manner in which the counsel who had been assigned performed his duty; but that the court nowhere referred to or denied the special

circumstance which constituted the very basis of his complaint, which was, that the counsel who had been sssigned, accepted the trust under conditions and limitations affixed by himself and consented to by the court.  He insists that such was the fact and that the court had passed that particular fact by.  We would be slow to believe that a judge in affixing to a bill of exceptions a statement of facts would so express himself as to convey to us the idea that he was certifying that all the recitals of the bill were untrue, when in fact he was leaving some of the recitals uncovered and uncontradicted. We have on several occasions urged upon district judges the importance of carefully examining the allegations made in bills of exceptions so as to cut off the possibility of any discussion as to precisely which facts were admitted, and which were denied by the court.  We referred particularly to this matter in State vs. Wright, 48 An. 1488, und the condition of the present case necessitates our again calling special attention to the subject.  We have repeatedly said that where the court and counsel differ as to facts the statement of the court is controlling.

We must dispose of this case under that rule.

The conclusions of the District Court in respect to alleged newly discovered evidence as a basis for a new trial are reached by him with thorough knowledge of the condition of the entire evidence in the case, and with the advantage of having seen and heard all the witnesses.  This court knows nothing of the facts of the case, otherwise than as it comes to a limited knowledge of them through the bills of exceptions. If a District Judge, after a full trial, be satisfied that the testimony sought to be made the basis of a new trial should not and would not alter the result of the second trial, even if admitted, either because the testimony otherwise was so strong against the accused as would make such particular testimony clearly unavailing, or because he knew the witnesses who were proposed to be put upon the stand and was convinced that they would not be believed, or because of other similar reasons, his opportunities for acting advisedly, justly and properly are so superior to our own that we would not be warranted in substituting our judgment for his in the premises, except in very clear cases.  On the statement of the judge we have no reason to believe that a jury with Malvaux' testimony before it, would be in any way different from what it was before.

District judges know that the State asks for the conviction of no

man as to whose guilt there is reasonable doubt; they should act on that theory, and we must assume they do.

For the reasons herein assigned:

It is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.