State vs. Anderson.

---

No. 13,247.

STATE OF LOUISIANA VS. WILLIAM ANDERSON.

SYLLABUS.

1. The Statute (Act 135 of 1898) does not require that to be competent as a *petit* juror a person must be able to understand the English language. It is, however, required that a *grand* juror must be able to read and write the English language.

2. The Statute vests discretion in the trial judge to decide upon the competency of jurors in particular cases, and he may accept or excuse a juror according as he may or may not find him competent to sit upon the trial of a case by reason of inability to understand the English tongue when read or spoken.

3. Such discretion will not be disturbed except in a very clear case of abuse.

4. Objection that a juror does not believe in circumstantial evidence as having the force to justify either a conviction or acquittal, is properly overruled when it is not made to appear to the judge in some way that circumstantial evidence will have a material bearing on the case.

A PPEAL from the Eighteenth Judicial District Court for the Parish of Terrebonne.—*Caillouet, J.*

*M. J. Cunningham,* Attorney General, and *L. C. Moise,* District Attorney, for Plaintiff and Appellee.

*C. W. DuRoy* for Defendant and Appellant.

The opinion of the court was delivered by

BLANCHARD, J. The accused, indicted for murder, was convicted of manslaughter, and sentenced to hard labor for the term of seven years. He appeals.

There was no appearance in this court on his behalf by way of oral argument, and his counsel has not favored us with a brief.

Two grounds of error alleged during the trial are presented in a bill of exceptions.

The first is that during the impaneling of the petit jury, while examining the jurors on their *voir dire,* the accused challenged the juror Desiré Callahan for cause, on the ground that he did not comprehend the English language sufficiently to be able to understand the testimony of witnesses, the argument of counsel and the charge of the court.

As to this, the trial judge, in his reasons embodied in the bill of exceptions for overruling the same, says that from the examination of Callahan he was of the opinion the objection was unfounded, that he did understand the English language sufficiently well to serve as juror, and as a matter of fact had served on a jury the preceding day.

The qualifications required to serve as a juror in any of the courts of the State are set forth in Section 1 of Act No. 135 of the Acts of 1898.

It is not there stated specifically that to be competent as a *petit juror* a person must be able to understand the English tongue, though that qualification—to be able to read and write the English language —is required of grand jurors.

To that section of the Act, however, is appended a proviso which recites that "judges of the District Courts shall have discretion to decide upon the competency of jurors in particular cases where from physical infirmity or from relationship or from ignorance of the English language and inability to understand the same when read or

State ex rel. Hake vs. Judge.

spoken, or other causes, the person may be, in the opinion of the judge, incompetent to sit upon the trial of any particular case."

In view of this state of the law on the subject, the objection is frivolous.

The next ground urged is that Callahan declared on his *voir dire* he did not believe in circumstantial evidence and would not give force and effect to such evidence, whether to convict or acquit, in a criminal case.

As to this the trial judge says before ruling on the objection he requested counsel for defendant to inform the court what part circumstantial evidence would play in the case—this, in order that the court might be in a position to rule intelligently on the point—and that counsel refused to impart any information on the subject. Whereupon the court considering, from its knowledge of the case derived from the evidence taken at the coroner's inquest, that the case did not depend on circumstantial evidence, overruled the objection. The judge further states that after excepting to this and the first ruling, counsel for the accused accepted the juror Callahan on the panel, though the accused had, at the time, used only two of his peremptory challenges, and still had unused three peremptory challenges when the panel was completed. And he adds that "on the trial of the case there was no material point in issue depending on circumstantial evidence for its establishment."

That this ruling was proper and is correct, is self-evident.

Judgment affirmed.