State vs. Baptiste.

## No. 14,477.

### STATE OF LOUISIANA VS. JOE BAPTISTE.

#### SYLLABUS.

1. An application for delay because of the absence of witnesses is properly refused where no showing is made that the presence of the witnesses can be secured at the future day.
2. A ruling of the lower court will not be reviewed on facts not positively shown by the bill of exceptions to have been called to the attention of the judge at the time of the ruling.

APPEAL from the Eighteenth Judicial District, Parish of Acadia —*DeBaillon, J.*

*Walter Guion,* Attorney General, and *William Campbell,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*John J. Robira (Story & Pugh,* of Counsel), for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J. The defendant was convicted of murder and sentenced to be hanged. He complains that he was denied the benefit of compulsory process to procure the attendance of his witnesses. His trial being

fixed for the 30th, he, on the 28th, applied for an order to procure wit-
nesses living in the Parish of Orleans, and the judge made an order
accordingly. On the day of the trial defendant asked for the postpone-
ment of the trial on the ground that the sheriff of Orleans had not yet
made any return on the subpoenas that had been sent to him for service,
and that defendant could not go to trial without the witnesses for
whom the subpoenas had issued. The judge denied the request, and
defendant reserved a bill of exceptions. For the intelligent discussion
of the point presented in this bill it is necessary to transcribe the bill.
It is, as follows:

"Be it remembered that on the 24th day of the month of April, 1902,
this case was duly fixed for trial by the District Attorney for the 30th
day of April, 1902, and on the day of April, A. D. 1902, on motion of
District Attorney was reassigned to the 1st day of May, A. D. 1902.
That on the 28th day of April, A. D. 1902, he and his counsel having
only then discovered the whereabouts of two very important witnesses,
to-wit: Bob Coleman and Kid Broadie, he at once, through his counsel,
made application as hereunto attached and made part hereof. That
the said two witnesses were in the City of New Orleans and that the
counsel for the defendant furnished the proper officers with the
address of the said witnesses or of the place where they could be found.
That the testimony of the said witnesses would have been to the effect
that he was acting strictly in self-defense in killing the said Alcide
Theophile, and that they were the only witnesses except himself who
would swear to same. That the said witnesses, if present, would have
sworn that Alcide Theophile was the aggressor and that he struck the
accused several times with a heavy bottle before the accused fired the
fatal shot, and that they were the only witnesses by whom he could
prove this. That on the day assigned for trial, May 1st, 1902, the case
was duly called for trial and the defendant, through his counsel,
objected to being tried and asked for a postponement thereof on the
grounds that the sheriff of Orleans Parish had made no return on the
subpoenas issued for the attendance of said witnesses; that the accused
had supposed that the said witnesses in Houma, Terrebonne Parish,
Louisiana, and that he and his counsel had only discovered that they
were in the City of New Orleans through a letter received by the said
accused on the day that the process was taken out. That he had been

State vs. Baptiste.

confined in the parish jail since, and that he and his counsel had made every effort to locate and discover the said witnesses; that the court refused to grant a postponement of the case until a return was made by the sheriff, for the following reasons, to-wit:

By the District Attorney. The reassignment of the said case was not on motion of the District Attorney, but by mutual consent of the attorney of defendant herein and the District Attorney. The motion for the continuance of the case, on account of the absence of the witnesses was properly overruled by the judge because the application for the witnesses was filed on the day before the trial, although said case had been fixed already a week previous and said motion was not made according to law, and did not state the number of street or name of the said street where said witnesses were supposed to live.

By the Court. The case was originally assigned for April 30th, 1902, and afterwards by consent the case was reassigned for May 1st, 1902. The subpoena was not applied for within a reasonable time before May 1st, and it was impossible to have obtained the attendance of the witnesses within that delay. No delay was asked for and besides the testimony would have been cumulative only. Besides the sheriff of Orleans was unable to locate the witnesses, the subpoenas not showing where the witnesses resided, except of New Orleans.

"To which ruling, etc."

The bill of exceptions recites that "the counsel for the defendant furnished the proper officers with the address of the said witnesses or the place where they could be found." Assuming this to be equivalent to a statement that the street address was given to the sheriff of Orleans, nothing shows that the fact of said address having been given was brought to the attention of the judge at the time that he was called upon to rule on the point of granting further time or not. The bill does not say that it was. It recites that "counsel asked for a postponement on the grounds that" etc., stating specifically and in *extenso* the grounds, but not saying that the street address of the witnesses was furnished or even that defendant knew the street address. So far as the bill affirmatively shows, the judge was not informed of this address having been given, or even of the defendant's having known the address. So fas as the bill shows, the application for delay was based on the fact that subpoenas for witnesses of no fixed residence and of

State vs. Baptiste.

not sufficient prominence for their names to be found in the directory, had issued to the sheriff of Orleans, without the street address of the witnesses being given, and that said sheriff had not yet made any return. Under these circumstances, considering the improbability of finding transient persons of no prominence in so large a city as New Orleans, we think it was for the judge to consider whether the probability of the presence of these witnesses at a future day had sufficiently been made to appear for him to postpone the trial of the case. Matters of continuance and postponement are necessarily largely within the discretion of the trial court. State vs. Mansfield, 52 Ann. 1355. This court will not interfere except in a case of clear abuse of discretion.

The motion for new trial was made several days after the trial, when the accused must have known with certainty whether or not there was ground to hope that the presence of the witnesses could be secured at a future day, and yet he did not include among his grounds for new trial the expectation to procure these witnesses at a future day. We cannot but think his counsel would have done so for him if it would have been possible to justify the expectation by proof.

Defendant next complains of the refusal of the court to permit him to offer evidence of the dangerous character of the deceased. The objection was that he had not by proof of a hostile demonstration on the part of the deceased laid the foundation for the introduction of the evidence. Counsel have argued the case before us on the theory of there having been some proof of a hostile demonstration, but the judge states positively in the bill of exceptions that there was none; and the settled rule is that this court will be governed by the statement of the judge.

The third bill of exceptions has not been noticed by counsel either in oral argument or in brief, and it is besides without merit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.

BLANCHARD, J., dissents, and hands down opinion giving his reasons therefor.

Rehearing refused.