PROVOSTY, J.
The accused was convicted of murder, without capital punishment, and sentenced to the penitentiary for life, and has appealed.
Bill of exception No. 1 reads as follows:
“Be it known and remembered that, during the trial of the above numbered and entitled case, Tony Cavido being on trial for the murder of Clarence Smith, a witness by the name of Evelina Thomas was placed on the stand by the state, and, after testifying and being examined in chief, was consigned to the attorneys for the defense for cross-examination; that during the cross-examination of this witness, the district attorney objected and stated that the cross-examination of the witness had been fully cross-examined on not only material facts, but on things that were immaterial and irrelevant, whereupon the court overruled the objection, but stated that the cross-examination had taken a wide latitude, and that the cross-examination of the witness was to a large extent upon matters both immaterial and irrelevant. Defendant’s counsel objected and reserved a bill of exceptions to the language of the court, whereupon the court made the further statement:
“ ‘The court made the statement that the cross-examination had taken a wide latitude, for the reason that this witness has been examined very minutely about not only things connected with the matter at issue, but was also examined very minutely about things that happened weeks and months before the occurrence, about her manner of living at Alice C., about the days she worked and didn’t work, and things of that character that the court could not in any way consider relevant to the issues on this case. The cross-examination of state’s witnesses has a wide latitude, but that latitude has always been restricted to matters relevant.’ Whereupon counsel for the defendant said: ‘I reserve a bill to the reasons assigned by the court, because the jury was not removed from the courtroom. I think before this case is over, the jury is going to find out that there has not been a sentence asked that is not relevant to this case and the credibility of that witness, and I think before the case is over, your honor will see that the care with which I have fixed the time as to when she worked and other things very materially bear upon the credibility of the witness, and that it is not for the purpose of taking up unnecessary time of the court, but for the purpose of attacking her credibility.’ Whereupon the court said, ‘That may be true, but it doesn’t so appear to the court at this time,’ and counsel for defendant reserved another bill of exceptions to the language of the court; all of the above having taken place in the presence and hearing of the jury.”
“Per Curiam.
“The witness Evelina Thomas was being examined with reference to whether or not she was excited at the time of the shooting. She said she was not, as she had previously seen several shootings. She was then asked where she had seen the shootings, and answered, ‘In Opelousas.’ She was then asked what shootings she had seen in Opelousas.
“Thereupon the district attorney objected on the ground that the evidence was irrelevant.
- “The court then ruled that it would permit the witness to answer the question as to what shootings she had seen, but, as the cross-examination had already taken a wide range, that it would not permit the witness to go into the details of such shootings. Thereupon counsel for the defendant objected to the court’s statement that the cross-examination had taken a wide range, and invited the court to state how it had taken a wide range.
“Thereupon, the court made the statement copied in the bill, and counsel then reserved a bill to .the statement.
“In the beginning the court had no intention of pointing out wherein the examination had taken a wide range, and would not have done so had counsel for defendant not invited it.
“The first statement that the cross-examination had taken a wide range was made in ruling on the admissibility of evidence, and was in no wise an expression or comment on the facts.
“The second statement was entirely true. The cross-examination had taken a wide range. The witness had been examined about things that could not, under any construction of the rules of evidence, have been considered relevant to the issues of the case, and could not have been used for impeaching purposes, as they were remotely collateral.
“This witness Evelina Thomas was cross-ex *297 amined for about four hours, and the court feels that the district attorney was extremely indulgent in not objecting of tener.
“The court would certainly have had the right to exclude the evidence as being irrelevant, and a statement from a trial judge that evidence is irrelevant certainly cannot prejudice the defendant.
“However, the court made no comment on the facts, and the jury could not even infer from the statement made that the court had any opinion as to the facts.
“In my charge I made the following statement to the jury:
“ ‘The judge is not permitted under our law to assist the jury in arriving at the facts in a criminal case, nor is he permitted to make any comment or suggestion that would indicate what facts he considers proved or disproved.
“ 'And in this connection, gentlemen of the jury, I want you to distinctly understand that officially I have no opinion as to the facts of this case, and I do not want you to think or feel from anything I may have said or done during this trial that I was expressing any opinion as to the facts.’
“I give this charge in all cases, as I do not desire to prejudice any accused, and I believe that this accused was in no wise injured or prejudiced.”
The complaint is that the judge stated or recapitulated the evidence, and expressed his opinion on the facts, in violation of section 991, R. S., which forbids his doing so. The learned counsel for accused argue that a distinction must be made between expressing an opinion upon evidence for the purpose of admitting or rejecting it and expressing an opinion upon it after it has gone to the jury, and that in the present case the evidence had already gone to the jury.
[1,2] It is well settled that this court must be guided by the per curiam of the trial judge whenever it conflicts with counsel’s statement in the bill. According to the per curiam, the judge, in ruling upon the objection made by the district attorney, did not go further than to state that the cross-examination had already taken a wide range, and that he would not permit the witness to go into the details of such shootings. He says that it was only subsequently, and at the express invitation of counsel for the accused, that he mentioned these details.
The remarks having been made at the invitation of counsel for the accused, the accused has no ground for complaining of their having been made.
[3] The next bill was to testimony admitted as part of the res gestae. While the accused was attempting to shoot the decedent who was screening himself behind another man named John A., the latter said to the decedent: “You killee the baby; God damn killee you.” In a few seconds the decedent ran from behind John A., and was shot and killed by the accused. A bystander who heard the remark of John A. was allowed to repeat it to the jury, over the objection that what a bystander may have said is not admissible as evidence against the accused. John A. had himself testified to his having made this remark, and, so far as appears, the fact of this remark having been made was not disputed. Under these circumstances, we are of opinion that if error there was in the ruling, it was not prejudicial, and therefore would be no ground for reversal.
Judgment affirmed.