(124 So. 672)

No. 30085.

**STATE v. GAINS.**

Nov. 4, 1929.

J. W. Ethridge, of Colfax, for appellant.

Percy Saint, Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

LAND, J. Defendant, charged with the larceny of $30, was convicted by jury of the larceny of $20, and was sentenced by the court to serve a term of six months in the state penitentiary. On appeal to this court, defendant relies upon two bills of exceptions.

### Bill No. 1.

On the trial of the case, the counsel for defendant propounded to him on direct examination the following question: "At the time Rachal Bradford asked you and told you that you stole this money, in which you stated to her that you did not steal it, isn't it a fact that this prosecuting witness, Rachal Bradford, told you, after you had denied to her that you had stolen the money, that she threatened you in a violent manner and told you that, if you didn't tell Mr. Barrett that you stole that money, that she was going to have him whip you?"

This question was objected to by the district attorney on the ground that it was leading and suggestive. The question is obviously so, and the objection was properly sustained.

The bill does not contain any objection whatever to the admissibility of the confession of defendant, at the time the same was offered by the state. A deputy sheriff and another witness had testified for the state that the defendant had admitted to them, at the same time, that he had taken this money, and that they had offered no inducement or used any force to influence defendant to make

this statement. Their testimony was not objected to by defendant.

At the time the question, objected to by the state as leading, was asked by defendant's counsel, the state had closed, the confession had gone to the jury without objection, and defendant was engaged in offering testimony on his own behalf.

Besides, when the trial judge ruled that the question propounded by defendant's counsel was leading and suggestive, the court advised counsel for defense that he could ask the defendant any proper questions as to whether Rachal Bradford had threatened him, or had used any force to induce the confession.

The ruling complained of is clearly correct, and the bill is without merit.

### Bill No. 2.

This bill was reserved to the overruling of a motion for a new trial, based upon the grounds that the evidence was not sufficient to convict, and that confession of the defendant was induced by threats and force.

In the per curiam to this bill, the trial judge states that the evidence amply justified the conviction of the defendant, and that the confession of the defendant was made freely and voluntarily.

As no bill of exception was taken to the admissibility of the confession, there is no evidence before the court to enable us to review the question as to its admissibility vel non, and, necessarily, we must accept the finding of the trial judge on this point. Besides, the jury must have been satisfied that the confession of defendant was free and voluntary, as all of the evidence on this point went directly to the jury in the case.

The conviction and sentence appealed from are affirmed.