WHIPPLE, Judge.
The defendant, Van B. Voelkel, was charged by grand jury indictment with distribution of marijuana, a violation of LSA-R.S. 40:966 A. He pled not guilty and, after trial by jury, was found guilty as charged. He received a sentence of twelve years at hard labor. On appeal, defendant urges in his sole assignment of error that the trial court erred in failing to have the jurors sworn together as a group.
FACTS
During the summer of 1989, Allen Pohl-mann of the St. Bernard Parish Sheriffs Department was working as an undercover narcotics agent in conjunction with the Washington Parish Drug Task Force. At approximately 9:00 p.m. on July 5, 1989, a confidential informant, later identified as Myra Ann Cox, introduced Agent Pohl-mann to the defendant at her apartment in Bogalusa, Louisiana. After a brief conversation, the defendant agreed to sell Agent Pohlmann a bag of marijuana for $30.00. Agent Pohlmann gave the money to the defendant, who then left the apartment. A few minutes later, the defendant returned and gave Agent Pohlmann a plastic bag containing a green vegetable substance later determined to be marijuana. After the transaction was completed, the defendant asked for a marijuana cigarette, but Agent Pohlmann refused. The defendant then asked for some money to buy a beer, and Agent Pohlmann gave the defendant $3.00 for making the trip to pick up the marijuana.
At the trial, Agent Pohlmann and Ms. Cox recounted the above version of events. However, the defendant took the stand and denied selling marijuana to Agent Pohl-mann or receiving money from him. The defendant explained that he was invited to Ms. Cox’s apartment for a drink and that when he arrived, Agent Pohlmann was also present. According to the defendant, Agent Pohlmann already had some marijuana in a bag on the table and refused defendant’s request for a marijuana cigarette. After a brief conversation, the defendant suspected that Agent Pohlmann was a police officer, so he left the apartment.
ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant contends that the trial court erred in failing to have the jury sworn together as a group. See LSA-C.Cr.P. art. 790, as amended by Acts 1990, no. 524, § 1.
Prior to the 1990 amendment, article 790 provided:
A juror shall be sworn to try the case in a just and impartial manner, to the best of his judgment, and to render a verdict according to the law and the evidence.
As amended, article 790 now provides:
When selection of jurors and alternate jurors has been completed, and all issues properly raised under Article 795 have been resolved, the jurors shall then be sworn together to try the case in a just and impartial manner, each to the best of his judgment, and to render a verdict according to the law and the evidence.
Article 795, which addresses the manner for making peremptory challenges and for dealing with a claim that the state’s peremptory challenges are racially motivated, was also amended in 1990. See Acts 1990, no. 547, § 1; Acts 1990, no. 713, § 1. These amendments to articles 790 and 795 were an obvious response by the Legislature to the problems associated with allegations of racially motivated peremptory challenges. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Initially, we note that no such issue was presented herein, because race apparently was not a factor in this trial, and no Bat-son objections were entered during voir *248 dire. Nevertheless, the defendant is correct in his assertion that the jurors were not sworn together as a group. Voir dire was conducted on March 18, 1991, and eight jurors were selected and sworn from the first panel of prospective jurors. From the second panel of prospective jurors, the remaining four jurors and one alternate were selected and sworn. However, the defendant did not object, during voir dire or trial, on the basis that the jury had not been sworn together as a group after selection of the jury panel. See LSA-C.Cr.P. art. 841.[1]
In State v. Hoover, 203 La. 181, 13 So.2d 784, 787 (La.1943), the Louisiana Supreme Court stated that defects in the swearing of the jury could not be raised for the first time in a motion for a new trial. In the instant case, the defendant has raised this issue for the first time on appeal. Accordingly, we find that in the absence of a contemporaneous objection, the error in failing to swear the jury together as a group was waived.
We further reject defendant’s assertion that the jury was “improperly seated” and find that under the circumstances presented herein, the error in failing to swear the jury as a group was harmless beyond a reasonable doubt. LSA-C.Cr.P. art. 921. The defendant correctly notes that peremptory challenges can be exercised at any time prior to the swearing of the jury panel. LSA-C.Cr.P. art. 795 B(l); State v. Watts, 579 So.2d 931 (La.1991). He then argues that because he did not exercise his twelfth peremptory challenge, he is still entitled to exercise it, since the jury was never properly sworn together as required by article 790. However, the defendant did not attempt to exercise his remaining peremptory challenge, nor does he contend that he actually wished to do so.
For the reasons stated above, this assignment of error lacks merit.
PATENT ERROR
Although not designated as an assignment of error, the defendant has requested a patent error review. This Court routinely reviews the record for errors patent, whether or not such a request is made by a defendant. Under LSA-C.Cr.P. art. 920(2), our patent error review is limited to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible patent errors. However, we note a patent error in sentencing.
The trial court did not give the defendant credit for time served when the sentence was imposed. LSA-C.Cr.P. art. 880 requires the court to give the defendant “credit toward service of his sentence for time spent in actual custody prior to imposition of sentence”. Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990).
Accordingly, we find a patent sentencing error and amend the sentence to reflect that the defendant be given credit for time served, if any, prior to the execution of his sentence. See LSA-C.Cr.P. art. 882 A. Resentencing is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing to reflect that the defendant is to be given credit for time served.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED AND REMANDED WITH ORDER.

. Article 841 provides in part that “[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.”