hPER CURIAM:
Granted. The ruling of the trial court on the defendant’s motion to suppress, and the court of appeal’s decision affirming that order, are reversed, and this case is remanded to the district court for further proceedings. It clearly appears from the affidavit in support of the warrant application that the officers possessed not only reasonable suspicion to detain, but also probable cause to arrest, the woman they observed leaving the targeted premises after conducting a hand-to-hand exchange of money for an object in an apparent drug transaction on the front porch of the residence. State v. Sterling, 479 So.2d 641, 643 (La.App. 1st Cir.1985), writ denied, 482 So.2d 626. The officers’s observation of the suspected drug buy along with the seizure from the woman of a plastic bag filled with vegetable matter, packaging commonly associated with marijuana trafficking, see, e.g., State v. Tong, 609 So.2d 822, 824 (La.1992); State v. Voelkel, 613 So.2d 246 (La.App. 1st Cir. 1992); State v. Decuir, 599 So.2d 358, 363 (La.App. 3rd Cir.1992), provided probable cause to issue a search warrant. See United States v. Reddrick, 90 F.3d 1276, 1281 (7th Cir.1996) (a magistrate may infer that “in the case of drug dealers evidence is likely to be found where dealers live ....”) (internal quotation marks and citation omitted). The failure of the affidavit to state expressly that the officers believed they had observed a drug transaction and | ¿that vegetable matter in the plastic bag was marijuana, as the basis for its concluding remarks that the woman “was advised of her rights and that she was under arrest for illegal narcotics,” did not detract from the commonsense and non-technical reading of the application given by the issuing magistrate. United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965) (“[AJEfidavits for search warrants ... must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion.”).