DELASSUS
*v.*
ROUMAGE.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## THE STATE *v.* RITCHIE.

Where a special verdict is returned, the jury must find all the circumstances which constitute the offence, to enable the court to render judgment. No defect in the statement by the jury can be supplied by intendment or implication. Thus where the carrying away and disposing of the slave of another constitutes no offence under the statute, unless the owner be thereby deprived of the use and benefit of the slave, and the verdict does not state that the carrying away was without the owner's consent, no judgment can be rendered on it.

A verdict so imperfect and uncertain that no judgment can be rendered on it, does not operate as an acquittal; and, even if the prisoner be discharged, is no bar to another prosecution for the same offence. In such a case a *venire facias de novo* should be awarded.

3 511
49 1011

3 511
50 466

3 511
120 118

STATE
v.
RITCHIE.

APPEAL from the First District Court of New Orleans, McHenry, J: Elmore, Attorney General, for the State. J. M. Wolfe and R. M. Carier; cited 5 Bacon's Ab. verbo Verdict, p. 296. 1 Blackford R. 247. 1 Lord Raymond, 324. 2 Ib. 1581. 1 Wilson, 55. Hobart, 262. 1 Caines' Rep. 60. 3 Term Rep. 1 Henry & Munf. 236. Rolling v. Mayor of Petersburg, 3 Randolph's Va. Rep. 4 Randolph, 533. Chitty's Crim. Law; 643. 6 Cranch, 274, 285. The judgment of the court was pronounced by

KING, J. The indictment charges that the defendant did "inveigle, steal, and carry away a negro slave named John, the property of one Philip Millaudon, so that the owner of said slave, the said Philip Millaudon, was then and there deprived of the use and benefit of his said slave John," &c. The jury returned the following special verdict: "We the jury find the prisoner guilty of carrying away and disposing of the negro boy, John, the property of Philip Millaudon." The district judge considered that the facts found constituted the crime charged, and pronounced sentence upon the accused, from which the latter has appealed. The question presented is, whether the verdict is sufficiently certain to found a judgment upon.

The authorities are full to the point that, when special verdicts are returned, the jury must find all the circumstances which constitute the offence, in order to enable the court to render judgment. No defect in the statement made by the jury, can be supplied by intendment or implication. 1 Chitty, C. L. 643. 2 East. C. C. 708. 2 McCord's Rep. 130. 8 Cowen's Rep. 409. Carrying away and disposing of the slave of another, constitute no offence under the statute, unless the owner be thereby "deprived of the use and benefit of his slave." The term deprived, used in the law, imports that, the carrying away must be done without the consent of the owner. The facts stated by the jury are not inconsistent with the acts having been done with the assent of the owner, or in the execution of a lawful purpose. One of the circumstances necessary to constitute the offence charged is not exhibited by the verdict, and that circumstance cannot be supplied by the court. The verdict is so uncertain and imperfect that no judgment can be given upon it. It is settled that such a verdict does not operate an acquital, and that, even if the prisoner be discharged, it is no bar to another prosecution for the same offence. 1 Chitty C. L. 646. No sufficient reason has been suggested why the rule which prevails in cases of misdemeanor and in civil proceedings, of ordering a venire facias de novo, when a defective special verdict is returned, should not also apply to a case like the present. We have been referred to no authority or practice which forbids it. See 2 Ld. Raymond, 1585.

The judgment of the District Court is, therefore, reversed. It is further ordered that the cause be remanded for a new trial, according to law.