## No. 11,931.

### STATE OF LOUISIANA vs. EUGENE FONTENOT.

Acts and declarations of participants in a transaction constitute parts of the *res gestæ*, and proof of same is admissible.

Testimony tending to show that the deceased had suspected the accused of stealing his wood, and had been watching him, to the knowledge of the accused, is admissible for the purpose of showing motive in committing the homicide.

It is not competent for the accused to prove, as an element of defence, that his conduct had been exemplary during his incarceration in jail. Such testimony exclusively appertains to the sentence.

The peaceable character of the defendant can not be established by witnesses who have not resided in his neighborhood for seven and eleven years.

Previous threats of the deceased can not be introduced, as the basis of proof of his bad and dangerous character, when the testimony discloses that the accused was the aggressor in the homicidal affray.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry.     *Perrault, J.*

*M. J. Cunningham*, Attorney General, and *E. B. ˙Dubuisson*, District Attorney, for Plaintiff, Appellee.

*John N. Ogden* for Defendant, Appellant.

Submitted on briefs January 11, 1896.
Opinion handed down January 20, 1896.

State vs. Fontenot.

The opinion of the court was delivered by

WATKINS, J.    The defendant having been indicted for the murder of Charles Barfield, convicted of manslaughter, and sentenced to imprisonment in the penitentiary for the term of fourteen years, prosecutes this appeal, relying on a single bill of exception, embracing several rulings of the court.

I.

The *first* objection is, that during the progress of the trial a State's witness said: " That accused raised a stick just prior to the difficulty with deceased, and attempted to strike Joe Carmouche;" and that defendant's counsel objected to the statement, on the ground that it tended to establish a different offence from that for which he was being prosecuted and tried, and to prejudice the minds of the jury against the accused.

The judge declined to sustain the aforesaid objection "because it was part of the *res gestæ*, and offered as such; and not to prove an independent substantive offence, and could not be excluded, because it was so inseparably connected with the homicide that the facts of the one included the other."

We think this ruling correct.

The circumstance related, having occurred "just *prior* to the difficulty" in which the homicide ensued, formed part of the litigated act, and of the *res gestæ*.

It is true, as a general proposition, that collateral matters are inadmissible; but there are several important exceptions, as where evidence is admitted as part of the *res gestæ*, as showing intent, knowledge and system.    Wharton, par. 31, says: "When an extraneous crime forms part of the *res gestæ*, evidence of it is not excluded by the fact that it is extraneous.    Thus, on a trial for murder, evidence that the prisoner, on the same day the deceased was killed, and shortly before the killing, shot a third person, was held admissible, under the circumstances of the case, notwithstanding the evidence tended to prove a distinct felony committed by the prisoner; such shooting and the killing of the deceased appearing to be connected as part of one entire transaction."    See Wharton's Criminal Evidence, pars. 31, 32, 39, 46, 49; State vs. Benjamin, 7 An. 48; State vs. Munco, 12 An. 625; State vs. Goodwin, 37 An. 713; State vs. Lagage, 2 Am. Cr. Rep. (Hawley) 506; reported in 57 N. H. 245.

## II.

The *second* objection relates to the following question propounded by the District Attorney to a State's witness, viz.: .

"Did you suspect the accused of stealing your wood, and had you engaged deceased to watch him?"

The objection urged by defendant's counsel was that of irrelevancy, and it was by the court overruled, on the ground that the tendency of the proof solicited was to show motive and hostility on the part of the defendant, who was suspected of larceny.

The objection of irrelevancy is regarded as the weakest of all objections; and it is fully met by the reasons assigned.

## III.

The same reason applies with equal pertinency and force to the statement of the same witness to the effect "that about a week before the difficulty accused said that if deceased bothered him he would knock him."

## IV.

The *fourth* objection relates to testimony offered by defendant for the purpose of showing that, during his incarceration in jail, his conduct had been exemplary; and rejected by the court, on the objection of the State, that it is not competent to prove, as an element of defence, facts and circumstances which shall have arisen *since* the commission of act for which defendant was indicted and is being prosecuted.

This is elementary.

Such testimony is competent and proper for the judge to hear and consider in determining the sentence to be pronounced; but it has no place on the trial. The jury has plenary power to judge of the facts appertaining to the *act* of the accused in deciding upon his guilt or innocence; but the penalty is matter of judgment and discretion of the judge, restrained by statute.

## V.

The *fifth* and *sixth* objections relate to the testimony of several witnesses by whom defendant's counsel proposed to prove the peaceable character of accused; but which was rejected, on the ground that one of the witnesses had not resided in the defendant's neighborhood for eleven years and the others for seven years.

In view of the great length of time which had elapsed since these witnesses had enjoyed any intimacy with or knowledge of the accused, they could not be said to have known his character within the intendment and meaning of the rule.

## VI.

The *seventh* objection relates to the rejection by the court of testimony on part of defendant to the effect that the *deceased* had stated *previously* to the homicidal affray that he " had slapped the accused and run him out of his house."

The objection which was urged and sustained was that, the testimony having been offered to show an overt act justifying the homicide, it was inadmissible because the proof showed that the accused was the aggressor in the difficulty and struck the first blow.

And the court sustained the objection and stated that, as the testimony did not fall within the limit allowed by law relative to overt acts, it was objectionable as hearsay and irrelevant, and could not be permitted to be introduced in evidence to serve as the foundation for the introduction of proof of the dangerous character of the deceased.

There is no part of the evidence annexed to and made part of the record exhibiting a contrary statement of facts; and, accepting the judge's statement, his ruling was undoubtedly correct.

We have examined defendant's bill of exceptions with due care, and feel convinced that his objections to the judge's rulings are not meritorious.

Judgment affirmed.