No. 13,659.

STATE OF LOUISIANA VS. JOSEPH, ALIAS NEG PRIMEAUX.

### SYLLABUS.

An objection of immateriality is a weak one, and the testimony objected to will be considered if it is of the same general character as other testimony not objected to.

APPEAL from the Seventeenth Judicial District, Parish of Vermillion—*White, J., ad hoc.*

---

*Walter Guion*, Attorney General, and *J. Nelson Greene*, District Attorney, (*Lewis Guion*, of Counsel), for Plaintiff, Appellee.

---

*L. L. Bourges*, for Defendant, Appellant.

---

The opinion of the court was delivered by

WATKINS, J. The defendant was indicted with another for the larceny of two heifers, and from a verdict of guilty against the two and sentence to imprisonment at hard labor, he prosecutes this appeal, relying upon two bills of exception, one of which relates to the admission

in evidence of an alleged confession, and the other to the introduction of irrelevant testimony.

With regard to the alleged confession, the testimony shows the following facts substantially to-wit:

That the accused being incarcerated in jail, sent for a friend for the purpose of getting him to sign his appearance bond, and after he arrived, he told him, as an inducement, he intended to make a confession, and that consequently the signing of his bond would be a mere formality, as the court was to convene soon.

To this statement, the friend assented, saying that he thought to confess was the best thing for him to do if he was guilty; that possibly his punishment would be lighter. But he declined to sign the bond.

Immediately afterwards, the sheriff was sent for, and the same statements were made by the accused in his presence, without any promise or threat being made.

The statement of the accused as a witness in his own behalf differed materially from the testimony of the other two. The trial judge chose to believe them in preference to the accused, and held that the confession was voluntary; and in so doing we think he was right.

The testimony objected to as immaterial, related to the sale, in a neighboring town, of dressed meat to market men customarily and often, a short while previous to the indictment being found; but was quite similar to the kind of testimony given by other witnesses and not objected to. The objection is without force, and the objection of immateriality is a weak one.

We find no error to the prejudice of the accused.

Judgment affirmed.

Rehearing refused.