(38 South. 452.)

No. 15,562.

STATE v. HOPPER et al.

(April 24, 1905.)

CRIMINAL LAW—OPINION EVIDENCE—ACCOMPLICE EVIDENCE—CORROBORATION.

1. To ask how the prisoner looked while in the presence of the dead body of his supposed victim is not to call for the opinion of the witness, but to interrogate him as to a fact. If, however, in answer to such a question, the witness, instead of describing minutely the appearance of the prisoner, gives an opinion as to his looks—for instance, that he looked scared—such opinion would not be objectionable. The opinion of ordinary witnesses is admissible on a great variety of subjects.

2. A prisoner under arrest cannot create evidence in his favor; hence his having asked for a preliminary examination is not evidence.

3. Opinion evidence is admissible on questions of identity, and is not secondary, but primary, evidence. Hence a witness may be asked whether certain shoes which are on the feet of a person in court correspond with those which the .same person was wearing on a particular occasion. The evidence is not rendered inadmissible by the fact that the wearer of the shoes knows best whether or not they are the same shoes, and might be interrogated on the subject.

4. While the jury may convict on the uncorroborated testimony of an accomplice, yet the judge should charge that they should only do so with great caution; and, in explaining what is meant by corroboration, he should make it clear that it must bear upon that part of the testimony of the accomplice which connects the prisoner with the crime.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; John Bachman Lee, Judge.

Houston Hopper and others were convicted of manslaughter, and appeal. Reversed.

William Crosby Pegues, Charles Wheaton Elam, and Ponder & Ponder, for appellants. Walter Guion, Atty. Gen., and James Wilson Parsons, Dist. Atty. (Elstner & Land and Lewis Guion, of counsel), for the State.

PROVOSTY, J. The defendants were convicted of manslaughter, and sentenced to 20 years at hard labor, and they appeal.

The first bill of exceptions reads as follows:

"Be it remembered that in the above numbered and entitled case, on the 4th day of February, 1905, the state's witness Bale Laffitte, being on the stand, was asked by the district attorney:

" 'Question. You have testified that Houston Hopper said in the presence of the dead body that he was so hungry that every time he looked at the dead body he almost fainted. Now, how did Hopper look at the time he made this declaration?'

"To which question counsel for defendants Hopper and Renois objected that the question calls for an opinion, and not a fact, and is not admissible.

"Which objection the court overruled, and permitted the question asked and answered. * * *"

This question was unobjectionable. The appearance of the prisoner was a fact as to which the witness could be interrogated. Even in so far as to some extent calling for an opinion—as, for instance, that the prisoner looked scared—it was unobjectionable. The opinion of nonexpert witnesses is admissible on a great variety of subjects. State v. Lyons (La.) 37 South. 890,[1] and authorities cited; State v. Marceaux, 50 La. Ann. 1137, 24 South. 611; 2 Jones, Ev. § 362; Thornton v. State (Ala.) 21 South. 356, 59 Am. St. Rep. 97.

Bill No. 2 reads as follows:

"Be it remembered that in the above numbered and entitled cause, on the 4th day of February, A. D. 1905, the defendant's witness W. T. Pegues, sheriff of De Soto Parish, being on the stand, was asked by defendant's counsel:

" 'Q. Did the defendants Houston Hopper and Lucius Renois ask immediately for a preliminary?' The purpose of the question being to show the conduct of the accused under arrest.

"To which question J. W. Parsons, counsel for state, objected on the ground and for the reason that, if a preliminary examination had been asked, it should have been asked of the court, and not of the sheriff, and, if a preliminary was asked for, the preliminary is the best evidence, and for the further reason that the evidence is irrelevant."

A prisoner under arrest cannot by his conduct create evidence in his favor; hence the fact of his having asked for a preliminary examination is not evidence. State v. Fontenot, 48 La. Ann. 305, 19 South. 111.

---

[1] 113 La. 959.

Bill No. 3 reads as follows:

"Be it remembered that in the above numbered and entitled cause, on the 4th day of February, A. D. 1905, the defendants' witness George Berry being on the stand, and testimony having been adduced by the state to identify certain tracks in the neighborhood of the homicide as the tracks of defendants, and the witness Berry having been presented to show that the tracks were his and those of Henry Bice, and said Henry Bice having been called into the presence of the witness, and the witness asked this question: 'Do those shoes [referring to the shoes then worn by Bice] correspond to the shoes worn by Bice on the day he was in the woods with you?'

"To which question J. W. Parsons, counsel for the state, objected on the ground and for the reason that the question calls for an opinion of the witness, when the party who is alleged to have worn the shoes is present and can testify whether or not the shoes exhibited were the ones worn by him on the day alleged, that they were in the woods together, and that the opinion of a witness who casually observed the shoes should not be considered the best evidence.

"Which objection the court sustained for the following reasons:

"That George Berry was asked while on the witness stand, and after one Bice was called before the jury, whether or not the shoes then on the feet of the said Bice, who had been summoned as a defendant's witness, corresponded with the tracks made by said Bice while they were together on Tuesday, the day before the alleged homicide. The question calls for an opinion. The witness was present in court, and could testify whether or not they were the shoes worn by him, which would have been the best evidence. This clearly calls for an opinion of the witness. Bice was not placed on the stand."

The judge erred here in his ruling, and the error is fatal to the verdict. It is elementary that opinion evidence is admissible on questions of identity. The question was as to the identity of the shoes. Opinion evidence is not secondary evidence, admissible only after the absence of the primary evidence has been properly accounted for, but it is primary evidence. Defendants might have been unwilling to rely upon the testimony of Bice, on the same principle that, on a question of the identity of the shoes worn by the prisoner on the day of the trial with those worn by him on the day of the

crime, the prosecution might be unwilling to rely upon the testimony of the prisoner. What would be thought of the objection that the prisoner knew best whether the shoes he had on were or not the same he wore when the tracks were made from which his connection with the crime is sought to be deduced, and that the statements of other witnesses on the subject were mere opinions. The record does not show, and this court does not know, what the sentiments of Bice were towards the defendants, and hence cannot say whether the defendants would have been any more justified in trusting to the testimony of Bice than the prosecution would be to that of the prisoner on a like question.

Bill No. 4 relates to a supposed expression of opinion on the part of the judge as to the facts. Accepting the judge's explanation in his per curiam, there is no merit in this bill; and the judge's statement in a bill of exceptions is binding on this court, in the absence of a taking down of the facts under the statute.

Bill No. 5 reads as follows:

"Be it remembered that in the above numbered and entitled cause, on the 4th day of February, A. D. 1905, one Robert Grant having testified that he did the killing at the instance and under compulsion of the defendants Houston Hopper and Lucius Renois, claimed by said Grant to have been present at the time, and the state having submitted circumstantial evidence designed to corroborate the testimony of said Grant, after the evidence was closed, and before the judge charged the jury, counsel for defendants Renois and Hopper submitted to the judge the following special charge, and asked him to give it in charge to the jury, to wit: 'What the law means by corroboration of the testimony of an accomplice is not merely the corroboration of the accomplice's narrative and the mere details of how the killing occurred, but some real and independent corroboration tending to implicate the defendants in the commission of the offense charged.'

"Which the judge refused to give in charge to the jury for the following reasons:

"'By the Court: The same was covered by general charge' (see charge). There was no objection to the general charge."

We gather from the bill, taken in connection with the charge of the court, that the circumstantial evidence submitted in corroboration of the testimony of the accomplice did not purport to connect the defendants with the crime, but merely to substantiate the truth of the narrative of the accomplice in other respects. If so, the special charge should have been given, for the general charge on that point was too vague. It was as follows:

"I charge you further, as to witnesses, that you are authorized to convict upon the uncorroborated statements of an accomplice, if you believe his testimony, just as you would on the uncorroborated statement of any other witness whom you believe; but, in considering the testimony of an accomplice, I charge you that you should receive the same with caution, construing it with all the facts and circumstances surrounding the homicide, and, if you should find from the evidence that the facts and circumstances surrounding the homicide bear out the testimony of the accomplice, you can act upon the same as in your judgment the testimony is true or false.

"In considering the corroboration of an accomplice, you shall take into consideration all the facts and circumstances not only surrounding the narrative of the accomplice, but the facts and circumstances showing the body of the offense."

Possibly by the words "the body of the offense" the judge meant the connection of the defendant with the crime. If so, the idea was too vaguely expressed.

As a matter of course, the point on which the testimony of the accomplice needs corroboration is that of the connection of the prisoner with the crime. State v. Callahan, 47 La. Ann. 444, 17 South. 50, and authorities cited at page 482 of 47 La. Ann., page 56 of 17 South., and the charge ought to make that very clear to the jury; otherwise it does more harm than good, since it is hardly conceivable that the story of an accomplice should not be corroborated on the other main facts, and such charge might lead the jury to attach to this corroboration of undisputed facts an importance it does not deserve.

Judgment and verdict set aside, and case remanded for further trial according to law.

---

(38 South. 454.)