HAWTHORNE, Justice.
 

 Defendant Joseph Chianelli was found guilty of the crime of theft as denounced by Article 67 of the Louisiana Criminal Code and sentenced by the court to imprisonment in the state penitentiary for a term of five years. From this conviction and sentence defendant has appealed to this court.
 

 Defendant was arraigned in Section E of the Criminal District Court for the Parish of Orleans on June 22, 1953, and entered a plea of not guilty. In due course his trial was fixed for January 12, 1954. On December 14, 1953, a special jury term was called for the month of January, 1954. The persons whose names were drawn for the special January term were accordingly ordered to report, and on January 4, 1954, the jury for the special term was enrolled.
 

 On January 7, 1954, five days before the date on which defendant’s case was fixed for trial, defendant withdrew his plea of not guilty with the consent of court and filed a motion to quash the petif jury venire for the special term of January, 1954. The ground of defendant’s motion was that the petit jury venire was unlawfully drawn by the jury commissioners of the Parish of Orleans from a jury wheel containing less than 750 names. The State filed a demurrer in which it prayed that defendant’s motion be dismissed as not timely filed under the provisions of Article 202 of the Code of Criminal Procedure. The trial judge sustained the State’s demurrer, and the defendant reserved a bill of exception.
 

 The legal issue here presented was precipitated by the fact that the term of the Criminal District Court for the Parish of Orleans for which the challenged petit jury venire was drawn began on Monday, January 4, and defendant’s motion to quash was not filed until January 7, or after the expiration of the third judicial day of the term for which the jury was drawn. Article 202 of the Code of Criminal Procedure, which was relied on by the trial judge in sustaining the State’s demurrer, reads as follows:
 

 “All objections to the manner of selecting or drawing
 
 any juror or jury
 
 or to any
 
 *555
 
 defect or irregularity that can he pleaded against
 
 any array or venire
 
 must he filed, pleaded, heard or urged before the expiration of the third judicial day of the term for which said jury shall have been drawn, or before entering upon the trial of the case if it be begun sooner; otherwise, all such obj ections shall be considered as waived and shall not afterwards be urged or heard.” (Italics ours.)
 

 It is defendant’s contention that under the interpretation first given Article 202 by this court in State v. Wilson, 204 La. 24, 14 So.2d 873, 875, he had a right to file his motion to quash the petit jury venire at any time before trial. The State on the other hand contends that under the facts of the instant case defendant’s objection to the alleged irregularities in the drawing of the petit jury venire was too late because it was not filed before the expiration of the third judicial day of the term for which the petit jury was drawn.
 

 A reading of Article 202 discloses that no distinction is made between grand and petit juries in the article. Therefore the “third judicial day rule” stated therein applies to all juries, whether grand or petit, as the article 'states “any juror or jury” and “any array or venire”.
 

 In State v. Wilson, supra, this court had the difficult task of construing Article 202 so as not to deprive an accused of due process of law. The court reviewed the legislative history of this article and interpreted the phrase “before the expiration of the third judicial day of the term” tornean “before the expiration of the third judicial day after the end of the term”. In the Wilson case the term of the grand jury which indicted the defendant began more than three months before defendant’s crime was even committed. Under the facts of that case, therefore, a holding by this court that defendant’s objection to the grand jury venire must have been urged and filed before the expiration of the third judicial day of the term for which the grand jury was drawn would have deprived the accused of the right to have the issues raised by his objection determined and thus would have subjected Article 202 to attack on the ground of denial of due 'process of law.
 

 We concede that this court’s interpretation of Article 202 in the Wilson case may-have been somewhat strained. We concede likewise that it might be considered by some to have been judicial legislation rather than judicial interpretation. Nevertheless this court’s construction and interpretation of Article 202 in the Wilson case has been approved by this court in two recent cases. State v. Michel, 225 La. 1040, 74 So.2d 207, and State v. Labat, La., 75 So.2d 333.
 

 It can be argued that in the Wilson, Michel, and Labat cases the objection at issue concerned a grand jury, and that therefore the holding in those cases applied only to the time for filing objections to the manner of selecting or drawing a
 
 grand jury
 
 or
 
 *557
 
 to any defect or irregularity in any
 
 grand jury
 
 venire, and that a different rule would be applicable to the time for filing objections to a
 
 petit jury
 
 venire.
 

 On first impression this argument would seem to have merit. However, as we pointed out above, Article 202 makes no distinction between grand and petit juries. Consequently this court’s interpretation of the meaning of the phrase “before the expiration of the third judicial day of the term” in Article 202 must be applicable to both a petit jury venire and a grand jury venire. It would be unreasonable to say that the same language in Article 202 means one thing when applied to a grand jury venire and still another thing when applied to á petit jury venire when the article itself contains no such distinction. Moreover, the decision in the Wilson case makes it clear that this court intended that its interpretation of Article 202 should apply to both grand and petit juries. This is apparent when one considers the following language in the Wilson case:
 

 “It is said, if Article 202 is considered by the Court to mean that a defendant has until three judicial days after the expiration of the term of the jury to file such objections and pleas to the drawing and selecting of the jury, the venire or panel, that when the article is applied to petit juries, absurd results would follow. In short, that the accused would have three days after the expiration of the petit jury term within which to attack the petit jury or venire, although that particular petit jury or venire had gone out of legal existence by the expiration of the term. This argument is not sound because it fails to take into consideration the latter part of Article 202, which requires the defendant to file such objections and pleas before the trial begins * * *.
 

 ******
 

 “Although in the defendant’s brief, his counsel make statements apparently conceding that Article 202 of the Code of Criminal Procedure applies to motions to quash the grand jury venire because of irregularities and illegalities, in oral argument, some doubt was expressed on the ground that the article only covered motions to quash the petit jury or venires. It will be noted that the article expressly refers to any juror or jury, any array or venire. * * * and nothing is said in Article 202 which would confine its provisions to a petit jury or petit jury venires. * * * ”
 

 Moreover, in the recent case of State v. Michel, supra, this court emphasized the fact that Article 202 applies to
 
 any
 
 jury or venire.
 

 We are therefore of the opinion that the lower court in the instant case erred in sustaining the demurrer filed by the Statp, as the accused’s objection to the petit jury venire was filed before his trial began and thus satisfied the rule for petit juries announced by this court in the Wilson case.
 

 
 *559
 
 In 1929, before the Wilson case was decided, this court in State v. Smothers, 168 La. 1099, 123 So. 781, affirmed a holding of the lower court overruling a motion to quash a petit jury venire on the ground that the motion was not filed before the expiration of the third judicial day of the term for which the jury was drawn and was therefore not timely under the provisions of Article 202 of the Code of Criminal Procedure. In that case the same construction was not given to Article 202 as was given it in State v. Wilson, decided in 1943. Under the court’s interpretation of the article in the Wilson case, if the holding in the Smothers case is construed to mean that the objection which was filed therein to the petit jury venire could not be urged at any time before entering upon the trial of the case, the interpretation and construction of Article 202 in the Wilson case had the effect of overruling the Smothers case.
 

 We are conscious of the fact that under the interpretation given to Article 202 by the Wilson case and others following it an accused can indefinitely delay the trial of his case by waiting until the date fixed for trial to object to the petit jury array or venire. However, to avoid these unnecessary delays Article 202 of the Code of Criminal Procedure requires legislative, not judicial, action; but the Legislature in amending this article should be careful not to incorporate in it any provision that would subject the statute to an attack on the ground of denial of due process of law.
 

 Defendant reserved several other bills of exception which we need not consider at this time since the issues presented probably will not arise at a subsequent trial.
 

 For the reasons assigned the conviction and sentence are set aside, and the defendant Joseph Chianelli is granted a new trial.
 

 FOURNET, C. J., absent.