McCALEB, Justice.
Alvin Butler, having been convicted of manslaughter and sentenced to serve four years in the State Penitentiary, has prosecuted this appeal, relying 'on six bills of exceptions for a reversal of his conviction and sentence.
*940 Bill of Exceptions No. 1 was taken to the action of the trial judge in sustaining a demurrer to appellant’s motion to set aside the array and challenge to the petit jury venire for the special petit jury term of May, 1954, under similar conditions as those presented in the recent case of State v. Chianelli, 226 La. 552, 76 So.2d 727, wherein we found the ruling to be erroneous and set aside the conviction.
The basis of the motion to quash is that the petit jury venire was unlawfully drawn by the Commissioners from a jury wheel containing less that 750 names. The State demurred to this motion and prayed that it be dismissed because it had not been filed within three days of the beginning of the special petit jury term. Appellant contended that it sufficed, under Article 202 of the Code of Criminal Procedure LSA-R.S. 15 :- 202, that the motion be filed before the trial of the case. The judge upheld the position of the State.
The State does not deny that the Chianelli decision (with which it disagrees) governs here insofar as LSA-R.S. 15:202 is concerned. But it maintains that the result in that case should not be followed for the reason that its demurrer to the motion to- quash is well founded under Article 203 of the Code of Criminal Procedure, LSA-R.S. 15:203, which provides that “It shall not be sufficient cause to challenge the venire * * * unless some fraud has been practiced or some great wrong committed that would work irreparable injury * * It is argued that, since appellant merely alleges in his motion to quash that the petit jury venire was unlawfully drawn because the jury wheel contained less than 750 names and does not state that this irregularity constituted a fraud or that he suffered irreparable injury, its demurrer to the motion is well taken.
The merits of this belated contention will not be entertained. The same point was advanced by the prosecution in an application for a rehearing in the Chianelli case and rejected by us. This court, in the exercise of its appellate jurisdiction, passes only on issues which were ruled upon by the trial judge. In this case, the judge maintained the only contention raised by the demurrer, i. e., that the motion to quash was not timely filed. He thus refused to consider the substance of the motion. Hence, the sufficiency of its allegations has never been adjudicated.
Since a new trial must be granted because of the erroneous ruling complained of in Bill of Exceptions No. 1, it would be inutile to discuss the other bills, which relate to improper admission of evidence and refusal to give special charges.
The conviction and sentence are set aside and appellant is granted a new trial.