**102 So.2d 61**

**STATE of Louisiana**

**v.**

**Robert J. MURPHY.**

No. 43618.

Nov. 12, 1957.

Rehearing Denied Feb. 10, 1958.

Eugene Stanley, Oswald W. Viosca, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

McCALEB, Justice.

Appellant, the operator of a retail jewelry store in the City of New Orleans, was charged with receiving stolen things in violation of R.S. 14:69 and found guilty, the jury fixing the value of the stolen things at $5,000. After the imposition of sentence (to serve two years at hard labor in the State Penitentiary), he prosecuted this appeal, relying on six bills of exceptions reserved during the proceedings for a reversal of his conviction.

Bills Nos. 1 and 2 were taken to the dismissal, on demurrer of the State, of appellant's original and supplemental motion to set aside the array and challenge to the jury venire for the special term of April, 1957. The challenge was first filed on April 10,

1957, at which time the State verbally demurred on the ground that appellant's motion alleged neither fraud, great wrong nor irreparable injury, the only causes deemed sufficient under R.S. 15:203[1] to authorize the maintenance of such a motion. This demurrer was sustained and appellant reserved Bill No. 1.

On the next day, appellant filed a similar motion in which he alleged that there had been great wrong which would work irreparable injury but did not specify the nature or substance of the wrong or injury. To this, the State filed a written demurrer in which it called for a specification of injury. Counsel for appellant then verbally replied that the irreparable injury consisted of (1) an alleged deficiency in the court order to the jury commissioners requesting the jury for April and (2) that the box from which the venire was chosen allegedly contained less than 750 names. The judge, being of the opinion that these complaints did not constitute any wrong which would work irreparable injury to appellant, refused to hear evidence on them and sustained the demurrer. Bill No. 2 was then reserved.

In this Court, defense counsel complain mainly that the ruling is contrary to our recent decisions in State v. Chianelli, 226 La. 552, 76 So.2d 727, and State v. Butler, 227 La. 937, 81 So.2d 1.

There is no merit in the contention. The Chianelli and Butler cases involved an interpretation of R.S. 15:202, it being held that a motion to quash the petit jury venire could be filed thereunder at any time before the trial. When the cases reached this Court, the State, for the first time (in argument and brief in the Butler case and in an application for rehearing in the Chianelli case), advanced the contention that the demurrers were well taken because the motions to quash the venires did not allege any facts from which the conclusion could be drawn that fraud or great wrong had been committed which would work irreparable injury, as required by R.S. 15:203. We refused to consider these contentions, not because we entertained the view that they were not well founded, but solely for the reason that they had not been presented to and passed on by the trial judge.

In the case at bar, an entirely different situation exists for, here, the State contended below and the judge has ruled that the motion to quash the petit jury venire does not specify a defect, irregularity or other

---

1. It provides: "It shall not be sufficient cause to challenge the venire selected for any session of the court * * * or to set aside the venire, because some of the jurors on the list are not qualified to act, nor because of any other defect or irregularity in the manner of selecting the jury, or in the composition, summoning or proceedings of the jury commission, *unless some fraud has been practiced or some great wrong committed that would work irreparable injury; * * *"*. (Italics ours.)

illegal practice in the manner of selecting the venire or in its composition to justify the legal conclusion drawn by the pleader that a great wrong has been committed that would work irreparable injury to appellant.

We assume that the verbal replies of defense counsel effected an enlargement or amendment of the pleadings. But such amendment did not set forth causes, which, if true, would justify the quashing of the venire. It was stated that there was a defect in the issuance of the court order to the jury commissioners requesting the jury for April and that the jury wheel from which the venire was chosen contained less than 750 names. As to the first complaint, the corrected minutes of the court show it to be without basis. And, conceding that appellant could have proved that there were less than 750 names in the jury wheel, such an irregularity would not warrant the quashing of the venire. State v. Foster, 32 La.Ann. 34; State v. Aspara, 113 La. 940, 37 So. 883; State v. Brantley, 175 La. 192, 143 So. 46 and State v. Bussa, 176 La. 87, 145 So. 276.

Counsel for appellant proclaim that, as long as the motion to quash the jury venire is filed timely, evidence should be heard on the motion. This argument overlooks the very purpose of R.S. 15:203 which is not only to deter the quashing of venires for irregularities or other causes not working irreparable injury but also to discourage the indiscriminate filing of motions to quash such venires founded on pure fancy to obtain delays or in the hope that, in the hearing of evidence, some defect in the proceedings might be exposed from which the defendant might reap advantage.

While appellant's wife was testifying in his behalf, an attempt was made to elicit information from her concerning the financial condition of his business. The State objected on the ground that the evidence was irrelevant and immaterial. Defense counsel then stated that the purpose of the evidence was to negate criminal intent by showing that appellant had a large investment in his business and this, in itself, would make it unlikely that he would take the risk of engaging in criminal activities. The judge sustained the objection and counsel reserved Bill No. 3.

R.S. 15:441 defines relevant evidence as that tending to show the commission of the offense and the intent or tending to negative the commission of the offense and the intent. The objection that evidence is irrelevant and immaterial is considered to be the weakest of all objections (State v. Fontenot, 48 La.Ann. 305, 19 So. 111; State v. Primeaux, 104 La. 365, 29 So. 110; State v. Labry, 124 La. 748, 50 So. 700, and other cases) because, in the nature of things, the trial judge must be accorded a wide discretion to determine whether the particular evidence sought to be introduced is relevant to the case.

We do not think the judge erred in his ruling but, even assuming that he did, the error would not furnish ground for a reversal of the conviction. R.S. 15:557. Obviously, the probative value of evidence as to the wealth of one accused of theft or receiving stolen things is so slight that it can hardly be said that its exclusion is prejudicial to the substantial rights of the accused.

■ Bill No. 4 was reserved to the refusal of a requested special charge which stated, in substance, that the fact that appellant had the stolen property in his possession did not create a presumption that he knew it was stolen when he received it. The reason given by the trial judge for refusing the charge was that it was covered in his general charge and also that it was not a complete statement of the law.

In preparing the bill of exceptions, counsel for appellant have included therein one sentence from the judge's general charge which they contend to be an erroneous statement of the law. We herewith quote in full the paragraph containing the sentence complained of, which we italicize:

"*The recent possession of property stolen is evidence tending to show the guilty receipt of such property.* But the evidence of recent possession will not warrant a conviction of guilty of receiving the property unless it also appears that the accused had knowledge that the property had been stolen."

In support of this bill, defense counsel cite and rely on State v. Rock, 162 La. 299, 110 So. 482, from which their requested special charge was copied verbatim.

State v. Rock was a prosecution for receiving stolen property. The defense had requested the same charge requested here which was denied by the trial judge who, instead, instructed the jury that the burden was on the accused to explain how he obtained possession of the property and such an explanation was not to be taken as true simply because it was not rebutted. In reviewing this ruling on appeal, this Court did not approve the requested charge but held that the general charge given in its place was clearly wrong because it placed the burden of proof on the accused, was virtually a comment on his failure to take the stand and also amounted to a finding that his evidence was incredible.

In State v. Stickney, 167 La. 1050, 120 So. 853, wherein defendant had been convicted of larceny, certain bills were taken to the argument of the State anent the presumption to be drawn from defendant's possession of the stolen article and also to the judge's charge to the jury that, if it found that defendant had possession of goods recently stolen, it had a right to presume that he is the person who stole them. In upholding this instruction, the Court

distinguished its previous ruling in State v. Rock, observing that, while it was, of course, erroneous to indicate that a person on trial for theft or receiving stolen goods had the burden of rebutting any inference which might be drawn from his possession of the goods, it was perfectly proper for the judge to instruct the jury that it had *the right* to presume that one in possession of property recently stolen was the thief.

The State relies on the Stickney case as controlling this one. Conversely, defense counsel say that that adjudication is applicable only to prosecutions for theft and that no such presumption or right of presumption exists in a case involving possession of stolen property.

We are inclined to agree with counsel for defendant in their interpretation of the Stickney case. However, we fail to see how either it or the Rock case governs the situation presented here. The above quoted paragraph from the judge's charge in this case exhibits that he has fully covered the charge requested by defense counsel— i. e., that the possession of property recently stolen does not create a presumption that appellant knew same was stolen at the time he received it. In the second sentence of the quoted paragraph, the judge instructs the jury that "* * * evidence of recent possession will not warrant a conviction of guilty of receiving the property unless it also appears that the accused had

knowledge that the property had been stolen."

This is exactly what appellant requested. It is true that the first sentence of the paragraph stating that "The recent possession of property stolen is evidence tending to show the guilty receipt of such property", if read alone, seemingly indicates that the jury may draw the inference of guilt merely from the fact of recent possession. However, in the very next sentence, the judge cautions the jurymen that they are not to convict "unless it also appears that the accused had knowledge that the property had been stolen", thus dispelling any idea that the judge intended to convey to them that there is a factual presumption of guilt arising from possession alone but only that such recent possession tends to establish guilt which, when accompanied with proof of knowledge, will warrant conviction.

We hold that the bill is not well taken.

■■■■ Bill No. 5, which was taken to the overruling of a motion in arrest of judgment, is founded on the claim that the verdict of the jury is a nullity. The verdict, reading "We find the accused guilty of receiving stolen things of a value of $5000.00", was returned by the jury from a list of possible and responsive verdicts given by the judge under authority of R.S. 15:386.1. The first of these was "Guilty

of receiving stolen things of —— dollars value".

It is defense counsel's contention that, since this was a special verdict, it was essential that it express every element of the crime and that the verdict fails to find that appellant "intentionally" or "knowingly" received the stolen property. Many cases of this Court are said to sustain the point.[2]

While it appears that the line of cases cited by defense counsel substantiate their position, this rule no longer obtains in this State having been but recently specifically rejected in State v. Broadnax, 216 La. 1003, 45 So.2d 604, 605. That was a prosecution for illegal possession of narcotics wherein the jury returned a responsive verdict of "Guilty of Attempted Possession". On appeal, the same argument was advanced with respect to the legality of the verdict as is made here. But the court, after acknowledging the line of adjudications cited by counsel in this case, refused to follow them as being based on a too technical approach which ignored the better rule enunciated in many other jurisdictions, that the verdict need only indicate the jury's intention with reasonable certainty.

Defense counsel claim that the Broadnax case is distinguishable in that, there, we were considering the violation of a special statute dealing with the possession and sale of narcotics which, they say, does not contain certain definite elements necessary to constitute guilt applicable to the crime charged in this case.

This argument is not impressive. The decision in the Broadnax case is not pitched on the circumstance that a special statute was involved. It is founded on an application of the principle of "reasonable intention" in construing jury verdicts irrespective of the elements of the offense. In this case, the jury simply followed the form furnished by the judge for its guidance and the verdict clearly shows its intention to find appellant guilty of the crime charged in the bill of information, the only difference being that the jury deduced the value of the stolen property to be $5,000 instead of $9,525, as alleged in the information.

Bill No. 6 was taken to the overruling of a motion for a new trial which is merely a reiteration of the points urged in Bills Nos. 1 through 4. It presents nothing new for consideration.

The conviction and sentence are affirmed.

PONDER and SIMON, JJ., absent.

2. State v. Ritchie, 3 La.Ann. 511; State v. Davis, 20 La.Ann. 354; State v. Burdon, 38 La.Ann. 357; State v. French, 50 La.Ann. 461, 23 So. 606; State v. Bellard, 50 La.Ann. 594, 23 So. 504; State v. Washington, 107 La. 298, 31 So. 638; State v. Jefferson, 120 La. 116, 44 So. 1004; State v. Curry, 174 La. 287, 140 So. 480; and State v. Gueringer, 209 La. 118, 24 So.2d 284.