SANDERS, Justice.
The Webster Parish Grand Jury indicted Barbara Love Iverson for manslaughter, alleging she unlawfully killed Jewell Bell. After trial, the jury returned a verdict of guilty as charged. The judge sentenced the defendant to a term of nine years at the Louisiana State Penitentiary. She has appealed, relying upon four of the Bills of Exceptions reserved at the trial.

Bill of Exceptions No. 1

Defendant reserved the first Bill of Exceptions to the overruling of an objection to the state’s question to a witness tending to establish that the defendant and the deceased had been living together in a “common law” union. Defendant contended the evidence was irrelevant.
The state’s theory was that the defendant stabbed the deceased after she had gone to his home seeking support money during a separation.
This Court has announced many times that irrelevancy is the weakest objection to the admission of evidence. See, e. g., State v. Murphy, 234 La. 909, 102 So.2d 61; State v. Labry, 124 La. 748, 50 So. 700; State v. Primeaux, 104 La. 365, 29 So. 110; and State v. Fontenot, 48 La.Ann. 305, 19 So. 111. Moreover, the trial judge is vested with wide discretion in determining relevancy. State v. Murphy, supra; State v. Kaufman, 211 La. 517, 30 So.2d 337.
The trial judge noted that the marital relationship and support payments brought the defendant and deceased together on the night of the homicide. The defendant, herself, testified she contacted the deceased concerning support. We find no error in the trial judge’s ruling admitting the testimony.

Bill of Exceptions No. 2

The defendant reserved Bill of Exceptions No. 2 to the trial judge’s overruling of a defense objection to the admissibility of a purported confession or admission given by the defendant to a Deputy Sheriff. The defendant objected on the ground the officer failed to advise her of her constitutional rights prior to receiving the statement. She relies mainly upon Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974.
The defendant failed to make the evidence a part of the Bill of Exceptions. *430 Hence, we accept the trial judge’s Per Curiam as correct. State v. Bertrand, 247 La. 232, 170 So.2d 386, cert. denied 382 U.S. 960, 86 S.Ct. 442, 15 L.Ed.2d 364, and the authorities therein cited.
According to the Per Curiam, the Deputy Sheriff fully apprised the defendant of all her rights, including the right to counsel. The Per Curiam further recites that the state did not introduce the assailed statement into evidence. The state concedes in brief that it referred to the statement in the cross-examination of defendant to lay a foundation for possible impeachment. Impeachment became unnecessary, however, when the defendant testified consistently with her prior statement.
The Bill of Exceptions is without merit.

Bill of Exceptions No. 3

Defendant reserved Bill of Exceptions No. 3 to the overruling of defendant’s motion for a mistrial after the court had sustained a defense objection to a statement in the District Attorney’s closing argument to the effect “that had the deputy sheriff not taken a statement from the defendant on the night of the alleged offense, that she would have appeared in court * * * and lied * * * that the deceased had a knife in his hand.”
In his Per Curiam, the trial judge states:
“This Court sustained counsel’s objection to this statement in the argument, but having sustained the objection did not find that the comment was sufficiently prejudicial to defendant to declare a mistrial.
“Counsel sets forth in his formal bill that the Court did not instruct the jury to disregard the remark after sustaining the objection. If this be so, and it would have been most unlikely that the jury was not so instructed, it can likewise be said that no request was made by counsel for defendant at that time nor at any later time for the Court to so instruct the jury.
“The jury was charged that it was the sole judge of the facts and that it was to take those facts from the witnesses and not from any statement of counsel for the State or the defendant.”
Assuming the argument to be improper, the trial judge correctly overruled the motion for a mistrial.

Bill of Exceptions No. 5

Defendant reserved the final Bill to the overruling of a motion for a new trial. The motion for a new trial reurges the complaints in the previous Bills of Exceptions. As to them, it presents nothing further for review. The motion also contains a general allegation that three Negro members of the petit jury venire were excused because of various disqualifications. Defendant does not dispute the grounds for disqualification, but charges that the inclusion of these persons on the venire represented an “attempt” *432 to bar Negroes from the jury. No evidence was made part of the Bill of Exceptions. Hence, the allegation presents nothing for review.
For the reasons assigned, the conviction and sentence are affirmed.