CALOGERO, Justice.
Roger Don Blankenship was charged in a bill of information with simple burglary of a building identified as the Paradise Grocery Store. After a trial before a jury the defendant was found guilty and sentenced to the custody of the Louisiana Department of Corrections for a period of six years.
The defendant appeals his conviction and sentence relying on two bills of exceptions reserved and perfected during the proceedings.
The facts are as follows:
In the early morning hours of January 17, 1972, a building known as the Paradise Grocery in Rapides Parish was burglarized. Later that morning the defendant and three other persons were apprehended in Monroe, Louisiana and returned to Rap-ides Parish to stand trial on charges growing out of the burglary of the aforesaid building. The defendant and two of the accomplices confessed to the burglary. At the trial of the defendant, one of the accomplices testified for the State and indicated the defendant’s complicity in the burglary for which he was charged.
Bill of exceptions No. 1 was reserved during the defense counsel’s cross-examination of the accomplice who testified for the State. The defense counsel asked the witness the following question:
“ . . . What, then, about this particular store, tell me everything you recall about it?”
The State objected to this question on the ground that it was repetitious. The trial court sustained the objection and Bill of Exception No. 1 was reversed.
We find that the trial court’s ruling was correct. In State v. Vernon, 251 La. 1099, 208 So.2d 690 (1968) this court recognized the discretion vested in the trial judge to limit repetitious cross-examination. Our inspection of the entire cross-examination of the witness does not reveal that defense counsel was unduly limited in his examination. The question propounded called for the witness to merely repeat everything she had already testified to, regarding the description of the grocery store which was burglarized. It appears to us that the examination had reached the stage at which the judge could properly intervene and restrict further questioning of the witness as to this matter.
In his brief to this court defense counsel argues that he was attempting to show bias and prejudice of the witness by demonstrating that she actually had little recollection of the description of the location, and that her only recollection thereof was gained through leading questions pro *641 pounded" by the prosecution on direct examination. This argument is without merit. The witness candidly admitted in the presence of the jury that the district attorney had her taken to the scene the very morning of the trial and that she had been promised immunity from prosecution in return for her testimony. Under these circumstances it is difficult for this court to find any prejudice to the defendant resulting from the refusal of the trial court to allow defense counsel to continue his repetitious questioning of the witness.
Bill of Exceptions No. 1 is without merit.
Bill of Exceptions No. 2 was reserved to the ruling of the trial court finding that a written confession made by the defendant was admissible in evidence.
Wé find the trial judge’s ruling to be correct. The defendant was thoroughly advised of his constitutional rights prior to making the written confession. The printed form used by the Sheriff’s Office in Rapides Parish for taking written statements and the very form on which the defendant’s confession is written contains the following language:
“. . . I have been duly warned and advised by O. W. Sharp and Henry Preston . . . [persons] who [have] identified [themselves] as Deputy Sheriffs that I do not have to make any statement at ali, nor answer any questions or do anything that might tend to go against me or incriminate me in any manner, and that any statement I make may be used against me on the trial or trials for the offense or offenses concerning which the following statement is herein made. I was also warned and advised of my right to the advice and presence of a lawyer of my own choice before or at any time during any questioning or statement I make, and if I am not able to hire a lawyer I may request and have a lawyer appointed for me, by the proper authority, without cost or charge to me.
“I do not want to talk to a lawyer, and I hereby knowingly and purposely waive my right to the advice and presence of a lawyer before and during any questioning or at any time before or while I voluntarily make the following statement to the aforesaid person, knowing that anything I say can and will be used against me in a court or courts of law.
“I declare that the following voluntary statement is made to the aforesaid person of my own free will without promise of hope or reward, without fear or threat of physical harm, without coercion, favor or offer of favor, without leniency or offer of leniency, by any person or persons whomsoever.”
The defendant read and signed the statement which included the above quoted language. The officers who were present when the defendant gave the confession testified that prior to making the statement he was read a printed form containing the Miranda warnings. ' With this evidence we must conclude that the defendant was aware of his constitutional rights and that the statement was made voluntarily, it was therefore admissible. La.R.S. 15:451.
In brief, defense counsel contends that because the defendant in his confession never specifically identified the building burglarized then the confession should not have been introduced. This argument relates to the relevance of the confession, and it-is well settled that the trial court is vested with much discretion in determining the relevancy of offered evidence. His ruling in this regard will not be disturbed in the absence of a clear abuse of discretion. State v. Carter, 248 La. 730, 181 So. 2d 763 (1965); State v. Murphy, 234 La. 909, 102 So.2d 61 (1957).
We find no such abuse of discretion here. Prior to the introduction of the confession, there had been testimony that the method of gaining entrance to the building burglarized was by way of breaking the window with a hammer. The con *642 fession also described this as the manner in which the burglary took place. Therefore, although the confession did not specifically identify the building burglarized, since the burglary for which the defendant was charged took place in the same manner as that described in the confession, the confession was relevant to prove that the defendant committed the particular burglary charged.
For the reasons assigned, the conviction and sentence are affirmed.